# EXHIBIT 6

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| In re Application of Linda Fischer ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Blackstone Equities, LLC.
800 Washington Avenue, Miami Beach, FL
*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: Please see Attachment A.

| Place: Daniel Rashbaum<br>One Biscayne Tower 2 South Biscayne Blvd, Suite 175<br>Miami, Florida 33131 | Date and Time: |
|---|---|

The deposition will be recorded by this method: Stenographic and autovisual

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please see Attachment B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/08/2021

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Daniel Rashbaum
One Biscayne Tower 2 South Biscayne Blvd, Suite 1750 , who issues or requests this subpoena, are:
Miami, Florida 33131, drashbaum@mnrlawfirm.com, 305-400-4261

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## MATTERS FOR EXAMINATION

1. The books and records of Blackstone Equities, LLC including but not limited to information and documents related to its directors, officers, shareholders, affiliates, parents, subsidiaries, formation, capitalization, profits, losses, assets, and taxes and fees owed and paid.

2. Ownership of Blackstone Equities, LLC.

3. Financial and ownership interests in the apartment building located at 800 or 830 Washington Avenue, Miami Beach, Florida.

4. Purchase and funding of the apartment building located at 800 or 830 Washington Avenue, Miami Beach, Florida.

5. Association with and transactions involving Lombardy 711, Inc., XL Funding, Inc. and Viterbi Services Ltd., their agents, representatives or any affiliated companies.

6. Association with and transactions involving Michael Fischer, Svetlana Astafurova, Jeffrey Slavet, and Andrew Fischer, their agents, representatives, estate, or any affiliated companies.

7. Association with and transactions involving Linda Fischer, including any payments, or transfers of funds to or from Linda Fischer or any associated companies such as (but not limited to) Rinvel Holdings Ltd., Blinder Trading Ltd., Dinsol Enterprises Ltd., and Raventor Trader Ltd.

# ATTACHMENT B

# DEFINITIONS

The following definitions apply to the requests below and should be considered as part of each request for production:

1. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are hereby incorporated into the requests for the production of documents set forth herein.

2. The terms "YOU," "YOUR," and "BLACKSTONE EQUITIES" mean the subpoenaed party, Blackstone Equities, LLC, and includes any parent, subsidiary, affiliates, predecessors, successors, and all current and former directors, officers, employees, shareholders, consultants, agents, representatives, attorneys, and any other person acting on behalf of BLACKSTONE EQUITIES.

3. The term "MICHAEL FISCHER" means Michael D. Fischer, and any current or former aliases, including but not limited to Michael Fisher, and the Estate of Michael Fischer.

4. The term "SVETLANA ASTAFUROVA" Svetlana Astafurova, and any current or former aliases, including but not limited to Lana Astafurova, Svetlana Astagurova, and Svetlana Astafurava.

5. The term "JEFFREY SLAVET" means Jeffrey Slavet, and any current or former aliases, including but not limited to Jeffrey Slavit, and any affiliated companies, partnerships, proxies, agents, or representatives, including but not limited to Slavet & Altman, Slavit & Altman, and Slavet & Lefkowitz.

6. The term "ANDREW FISCHER" means Andrew Fischer, the son of Michael Fischer, and any current or former aliases.

7. The term "LINDA FISCHER" means Linda Fischer, and any current or former aliases, including but not limited to Linda Fischer Frosini.

8. The term "LOMBARDY 711" means Lombardy 711, Inc. and includes any parent, subsidiary, affiliates, predecessors, successors, and all current and former directors, officers, employees, consultants, agents, representatives, attorneys, and any other person acting on behalf of Lombardy 711, Inc.

9. The term "XL FUNDING" means XL Funding Inc. (also written as X-L Funding, Inc.) and includes any parent, subsidiary, affiliates, predecessors, successors, and all current and former directors, officers, employees, consultants, agents, representatives, attorneys, and any other person acting on behalf of XL Funding Inc.

10. The term "LOMBARDY HOTEL" refers to the hotel and residential cooperative located at 111 E 56th St, New York, NY 10022 and includes the related corporate entity 111 East 56th Street, Inc.

11. The term "LOMBARDY UNITS" refers to, individually and collectively, unit 711 and unit 1202 in the Lombardy Hotel.

12. The term "BLACKSTONE BUILDING" refers to the 13-story, 131-unit apartment building at 800 or 830 Washington Avenue, Miami Beach, Florida, 33139.

13. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

14. The term "communication" shall include, without limitation, any written, electronic, or oral correspondence or communication, including any conversation in person, by telephone, by email, by facsimile, by letter, over text message or instant message, or by any other means.  A document or thing transferred, whether temporarily or permanently, from one person

to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee. For the avoidance of doubt, the term "document" includes any tangible "communication."

15. The term "document" is defined to include traditional paper documents, including but not limited to letters, memoranda, correspondence, facsimiles, writings, handwritten notes, drafts, reports, spreadsheets, charts, graphs, and notes of conversations, whether originals, copies, and/or printouts. "Document" also includes information and data generated by or maintained in electronic form, including but not limited to internal, external, or web-based emails, non-email electronic documents (*e.g.*, files in Word, Excel, or PowerPoint), calendar or diary entries, instant messages including but not limited to Jabber and Slack, text messages including but not limited to iMessages, social media posts or messages, and voicemails; all information and documents located on personal computers (desktops and/or laptops), tablets, PDAs (*e.g.*, Blackberries), or mobile phones; all information and documents maintained on any shared or collaborative computer system or database; and all information and documents maintained in any type of electronic storage medium, such as CDs, DVDs, magnetic tape, removal or portable drives, videotapes, audiotapes, or any other medium.

16. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

18. The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

19. The use of the term "the" shall not be construed as limiting the scope of any request for production.

20. The use of the singular form of a word includes the plural and vice versa.

## INSTRUCTIONS

The following instructions shall govern the response and production of documents:

1. In answering and responding to these document requests, please furnish each and every document that is in your possession, custody, or control, or that is in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities acting on your behalf.

2. Each request for documents seeks production of the document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or other matters affixed thereto. Documents attached to each other, including, but not limited to, by staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the documents.

3. At the time and place of production of the documents requested herein, the documents requested are to be produced in the same order as maintained in the ordinary course of business and in accordance with Rule 45 of the Federal Rules of Civil Procedure.

4. If YOU object to a portion or an aspect of a Document Request, YOU are required to state the grounds for YOUR objection with specificity and to respond as to any portion(s) of the Document Request concerning which YOU have not propounded such objection.

5. In the event that any document called for by these Document Requests has been destroyed, discarded, otherwise disposed of, or no longer exists, that document is to be identified as completely as possible, including, without limitation, the following information: author(s),

addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, reason for disposal, PERSON authorizing the disposal, and the PERSON disposing of the document and identify its last known location and the reason it is no longer in existence.

6. In the event that any information is redacted from a document produced pursuant to these Document Requests, that information is to be identified and the basis upon which such information is redacted should be fully stated.

7. In the event that multiple copies or versions of a document exist, produce all non-identical copies of the document, including any and all drafts of the document.

8. At the time and place of production of the documents requested herein, the documents requested are to be produced in the same order as maintained in the ordinary course of business.

9. For each document produced, identify the specific Document Request category to which it is responsive.

10. Defined terms may be capitalized for convenience; the definitions herein apply whether or not the term is capitalized.

11. For each document produced, identify the office and location where that document was kept prior to this proceeding.

12. Except where expressly stated, these Document Requests are not limited in any way by geography.

13. These Document Requests are continuing in nature.  If, after producing any documents in response to these Document Requests, you obtain or become aware of additional responsive information, you are required to provide such information or documents by way of a supplemental production.

## RELEVANT TIME PERIOD

1. The relevant time period unless otherwise indicated shall be from January 1, 2000, through present and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received prior or subsequent to that period.

## DOCUMENTS TO BE PRODUCED

2. All books and records of BLACKSTONE EQUITIES, including but not limited to all financial statements relating to BLACKSTONE EQUITIES and all tax returns filed by BLACKSTONE EQUITIES.

3. All documents and communications reflecting all current and former financial or ownership interests in BLACKSTONE EQUITIES, including but not limited to documents sufficient to show any and all current or former shareholders of BLACKSTONE EQUITIES.

4. Documents sufficient to identify all present and former officers, directors, and/or employees of BLACKSTONE EQUITIES.

5. All documents and communications relating to any investment in or acquisition of assets by BLACKSTONE EQUITIES, including but not limited to any real property such as the BLACKSTONE BUILDING.

6. All documents and communications relating to the source of funding of any investment, acquisition of assets, or expenditure by BLACKSTONE EQUITIES.

7. All documents and communications reflecting payments or transfers of funds to officers, directors, and/or shareholders of BLACKSTONE EQUITIES.

8. All documents and communications regarding payments or transfers of funds between BLACKSTONE EQUITIES and any other company, partnership or corporation,

including but not limited to those affiliated with MICHAEL FISCHER, JEFFREY SLAVET, SVETLANA ASTAFUROVA, and/or ANDREW FISCHER.

9. All documents and communications regarding payments or transfers of assets or funds made in connection with the BLACKSTONE BUILDING, including but not limited to payments for renovations, upkeep, maintenance, or refurbishments.

10. All documents and communications reflecting payments or transfers of funds to or from LINDA FISCHER or any company associated with LINDA FISCHER, either directly or indirectly, to or from BLACKSTONE EQUITIES.

11. All documents and communications regarding payments or transfers of funds made by LINDA FISCHER, in connection with BLACKSTONE EQUITIES, including but not limited to payments made to MICHAEL FISCHER for use in the purchase, upkeep, or maintenance of the BLACKSTONE BUILDING.

12. All documents and communications relating to the BLACKSTONE BUILDING, including but not limited to documents and communications sufficient to show all ownership or financial interests in the BLACKSTONE BUILDING.

13. All documents and communications relating to JEFFREY SLAVET, including but not limited to communications between BLACKSTONE EQUITIES and JEFFREY SLAVET.

14. All documents and communications relating to MICHAEL FISCHER, including but not limited to communications between BLACKSTONE EQUITIES and MICHAEL FISCHER.

15. All documents and communications relating to SVETLANA ASTAFUROVA, including but not limited to communications between BLACKSTONE EQUITIES and SVETLANA ASTAFUROVA.

16. All documents and communications relating to LINDA FISCHER, including but not limited to communications between BLACKSTONE EQUITIES and LINDA FISCHER.

17. All documents and communications relating to ANDREW FISCHER, including but not limited to communications between BLACKSTONE EQUITIES and ANDREW FISCHER.

18. All documents and communications relating to any transactions involving the BLACKSTONE BUILDING, including but not limited to profits earned, maintenance bills, and/or other transactions.

19. All documents and communications relating to the dissolution and inactive status of BLACKSTONE EQUITIES.

20. All documents and communications relating to any prospective sale of the BLACKSTONE BUILDING.